UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CASE NO.: 3:07-CV-283-R

ROCKY HAMBLEN,
BY AND THROUGH HIS GUARDIAN, YULONGER BYARS,                PLAINTIFF

v.

CABINET FOR HEALTH AND FAMILY SERVICES, et. al.,            DEFENDANTS

## OPINION & ORDER

This matter comes before the Court on the Plaintiff's Motion to Remand (Docket #8) this matter to the Jefferson Circuit Court, Jefferson County, Kentucky. The Defendants have responded to the Plaintiff's motion (Docket #11). This matter is now ripe for adjudication. For the following reasons, the Plaintiff's Motion to Remand is **GRANTED**.

## PROCEDURAL HISTORY

The Plaintiff, Rocky Hamblen, by and through his Guardian, Yulonger Byars ("Hamblen"), initially filed his complaint in Jefferson Circuit Court, Jefferson County, Kentucky, on March 20, 2007, asserting claims against the listed state agency Defendants as well as individual Defendants stemming from the alleged mistreatment of Hamblen. Defendant Dr. John D. Kiesel, MD, filed his answer in Jefferson Circuit Court on April 5, 2007. The remaining Defendants filed a Motion to Dismiss in that Court on April 9, 2007. The Plaintiff responded to that motion on May 2, 2007. Subsequent to the Plaintiff's response, the Defendants filed a notice of removal with the Jefferson Circuit Court on May 31, 2007, asserting that under 28 U.S.C. § 1441(b), the case should be removed to the United States District Court because the Plaintiff had allegedly brought claims against select Defendants under 42 U.S.C. § 1983. The Jefferson Circuit Court agreed with the Defendants and ordered the removal of that matter to this

Court.[1]  The Plaintiff has brought the instant motion to remand contending that he has only asserted state law claims and not claims under 42 U.S.C. § 1983, and therefore, this case should be remanded to the Jefferson Circuit Court.

### STANDARD

"Generally, a civil case brought in a state court may be removed by a defendant to federal court if it could have been brought there originally. 28 U.S.C. § 1441(a). A federal district court has original 'diversity' jurisdiction where the suit is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of costs and interest. 28 U.S.C. § 1332(a). A defendant removing a case has the burden of proving the jurisdiction requirements. *See Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97, 42 S.Ct. 35, 66 L.Ed. 144 (1921)." *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000).  Generally, ambiguities on removal are strictly construed against federal jurisdiction when doubt exists as to federal jurisdiction. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941).

### DISCUSSION

The Plaintiff contends that he has only asserted state law claims against the Defendants, and that the Defendants misconstrued his response to their motion to dismiss filed in state court. The Defendants argue that because the Plaintiff raised the Section 1983 issue in his response, the removal to this Court was appropriate.

In looking at the initial complaint filed in state court, nowhere within the complaint does the Plaintiff state and/or mention a claim under Section 1983.  Paragraph 24 of the complaint

---

[1] As Defendant Dr. John D. Kiesel, MD, filed his Motion to Remove subsequently and separately from the rest of the Defendants, there are two (2) related cases before this Court.  The case number for the other related action is 3:07-CV-282-R.  This opinion and order shall apply to both cases.

lists the claims sought against the Defendants, which include alleged violations under KRS 202A..8191, KRS 202B.050, KRS 202B.060, and 908 KAR 3:010; all state law claims. In his motion to remand, the Plaintiff has expressly stated that "Plaintiff Hamblen, in his complaint, raised only state law claims against the State Agency Defendants, as well as the individual Defendants...[a]ll claims asserted by or on behalf of Plaintiff Hamblen were made pursuant to Kentucky state law, statutory and regulatory." While the Plaintiff may have cited the improper law in his response to the Defendants' motion to dismiss, that does not support federal jurisdiction in this matter. In addition, simply because the Plaintiff *can* raise a claim under Section 1983, that in itself does not amount to federal jurisdiction; federal jurisdiction cannot be based on speculation. *See O'Shea v. Littleton*, 414 U.S. 488, 495-96 (1973); *Haskell v. Washington Township*, 864 F.2d 1266, 1275-76 (6th Cir.1988); *see also Sparks v. Wal-Mart Stores, Inc.*, 2007 WL 101850, *1 (W.D.Ky. 2007); *Shofner v. Mid-American Harborside Healthcare*, 2007 WL 433118, *1 (W.D.Ky. 2007). Accordingly, the Court finds that no claims for relief under Section 1983 were set out by the Plaintiff in this matter, and therefore, the Defendants have not met their burden of proving federal jurisdiction.

## CONCLUSION

**IT IS SO ORDERED:**

The Plaintiff's Motion to Remand is **GRANTED**. The case, as well as Case Number 3:07-CV-282-R, shall be **REMANDED** to the Jefferson Circuit Court, in Jefferson County, Kentucky, for all further proceedings in accordance with this opinion and order.